LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
Shin Young Hahn (SH 1115)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

JUDGE FURMAN

12 CV 8097



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY CAMILO,
and LUIS SANCHEZ,
*on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

    Plaintiffs,

    v.

SERVICES MANGIA, INC.,
MANGIA 23RD STREET LLC,
MANGIA 57, INC., SASHA MUNIAK,
and JOANNA [Last Name Unknown],

    Defendants.

---

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

Plaintiffs, ANTHONY CAMILO and LUIS SANCHEZ ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, SERVICES MANGIA, INC., MANGIA 23RD STREET LLC, MANGIA 57, INC., (the "Corporate Defendants") and SASHA MUNIAK and JOANNA [Last Name Unknown] (each

1

individually the "Individual Defendant" and collectively with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ANTHONY CAMILO, is a resident of Bronx County, New York.

6. Plaintiff, LUIS SANCHEZ, is a resident of Queens County, New York.

7. (a) SERVICES MANGIA INC. is a corporation organized under the laws of the State of New York, with a principle executive office, and an address for service of process, located at 16 EAST 48TH STREET, 4TH FLOOR, NEW YORK, NEW YORK 10017;

(b) MANGIA 23RD STREET LLC is a corporation organized under the laws of the State of New York, with a principle executive office located at 22 WEST 23RD STREET, NEW YORK, NEW YORK 10010, and an address for service of process, located at TODD S. PICKARD ESQ, 1370 AVE OF THE AMERICAS, NEW YORK, NEW YORK 10019; and

(c) MANGIA 57, INC. is a corporation organized under the laws of the State of New York, with a principle executive office located at 16 EAST 48TH STREET NEW YORK, NEW YORK 10017, and an address for service of process, located at C/O STULTS & BALBER PC, 1370 AVENUE OF THE AMERICAS, 7 FLR, NEW YORK, NEW YORK 10019.

8. (a) SASHA MUNIAK is Chairman or Chief Executive Officer of SERVICES MANGIA, INC, MANGIA 23RD STREET LLC and MANGIA 57, INC.

(b) JOANNA [Last Name Unknown] is the Manager of SERVICES MANGIA, INC.

(c) The Individual Defendants exercised control over the terms and conditions of the Plaintiffs, FLSA Collective Plaintiffs and Class members. Each of the Individual Defendants had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment, of Plaintiffs, the FLSA Collective Plaintiffs and the Class members. Each also had the power and authority to supervise and control supervisors of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.

9. The Defendants operate a restaurant enterprise under the trade name "Mangia." SERVICES MANGIA, INC operates "Mangia" restaurant located at 16 EAST 48TH STREET, NEW YORK, NEW YORK 10017. MANGIA 23RD STREET LLC operates

"Mangia" restaurant located at 22 WEST 23RD STREET, NEW YORK, NEW YORK 10010. MANGIA 57, INC. operates "Mangia" restaurant located at 50 West 57TH STREET, NEW YORK, NEW YORK 10019. The above businesses are operated and marketed by Defendants as a common enterprise. Each of the above business is advertised jointly at Defendants' website located at http://mangiatogo.com. Employees were freely interchangeable, the various business operations were marketed as one entity, and all employees were paid by the same payroll methods, and checks were paid by the same entity.

10. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per

workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiffs and FLSA Collective Plaintiffs who were tipped employees claim that Defendants willfully violated their rights by failing to pay their minimum wages in the lawful amount for hours worked. Defendants, however, were not entitled to take any tip credits under the FLSA, because they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action,

5

their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, and (ii) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law. In addition, a subclass of Class members who were tipped employees suffered from Defendants' failure to pay minimum wage (based on Defendants' invalid tip credit). Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct

or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

- a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;
- b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;
- c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;
- d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;
- e) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;
- f) Whether Defendants took proper amount of tip credit allowance under the New York Labor Law;

g) Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

h) Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workday;

i) Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

j) Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law; and

k) Whether Defendants failed to properly compensate Plaintiffs and Class members for all their hours work due to a policy of time shaving and failing to correctly track the hours worked by Plaintiffs and Class members.

## STATEMENT OF FACTS

23. In or about November, 2010, Plaintiff, ANTHONY CAMILO, was hired by Defendants to work as a delivery person for Defendants at their "Mangia" restaurant, located at 16 East 48th Street, New York, New York 10017. During holidays, when the restaurants were busy, Plaintiff, CAMILO worked at the other two "Mangia" restaurants each located at 50 West 57th Street and 22 West 23rd Street. During his employment, Plaintiff, CAMILO, had a regular weekly work schedule of 6am to 3pm, for 5 days per week. From November 2010 to August 2011, Plaintiff, CAMILO, was paid an hourly rate of $4.50 per hour. From August 2011 to the present, Plaintiff, CAMILO was paid an hourly rate of $5.00 per hour. At all times, Plaintiff, CAMILO, was a tipped employee

and was paid below the tip credit minimum wage for delivery persons, even assuming a valid tip credit allowance. Plaintiff CAMILO is currently still employed by Defendants.

24. In or about May, 2012, Plaintiff, LUIS SANCHEZ, was hired by Defendants to work as a delivery person for Defendants at their "Mangia" restaurant, located at 16 East 48th Street, New York, New York 10017. Plaintiff SANCHEZ often went to the other two "Mangia" restaurant located at 50 West 57th Street and 22 West 23rd Street to pick up inventory. During his employment, Plaintiff, SANCHEZ, had a regular weekly work schedule of 6am to 2pm, for 5 days per week. Plaintiff, SANCHEZ, was paid an hourly rate of $5.00 per hour. At all times, Plaintiff, SANCHEZ, was a tipped employee and was paid below the tip credit minimum wage for delivery persons even assuming a valid tip credit allowance. Plaintiff SANCHEZ worked for Defendants until on or about June 2012. .

25. Plaintiffs and Class members did not receive any notice that Defendants were taking a tip credit. In addition, they did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment. They were also never informed in writing as to their hourly rate of pay and overtime rate of pay.

26. Plaintiffs and other tipped employees were required to engage more than 20% of their working time in non-tipped related activities such as preparing and packing food, cleaning the restaurant, and other non-tip related activities. Such activities were unrelated to their primary duties as delivery persons.

27. Plaintiffs, FLSA Collective Plaintiffs and Class members' paystubs did not accurately reflect their working hours. Employees were required clean the restaurant for an hour after their shift ended only after they clocked out. Such time shaving policy

resulted in a reduction of wages for hours worked equal to approximately an hour daily for all non-exempt employees.

28. Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class the Federal and State minimum wage for all hours worked. Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class often worked in excess of forty hours per week.

29. Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class one-and-one-half times New York State and federal minimum wage for hours they worked over 40 in a workweek.

30. Defendants failed to keep track of the daily amount of tips received by Plaintiffs, FLSA Collective Plaintiffs and Class members, and also failed to keep the proper employment records required under the FLSA and NYLL.

31. For the hours that Defendants did pay Plaintiffs, Defendants paid Plaintiffs, the FLSA Collective Plaintiffs and the Class members, invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages. Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) exceeded the maximum amount of tip credit allowance that could be claimed under the NYLL, (ii) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (iii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, and (iv) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL.

32. Defendants failed to properly notify Plaintiffs, the FLSA Collective Plaintiffs, and Class members of their hourly rate of pay and overtime rate of pay, in direct violation of the New York Labor Law. Defendants also failed to provide proper wage and hour notices, at the date of hiring and annually, to all non-exempt employees in violation of the requirements of the New York Labor Law.

33. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs, FLSA Collective Plaintiffs and Class members due to the invalid tip credit that Defendants claimed.

34. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked in excess of 40 hours per week.

35. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiffs reallege and reaver Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of

the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

40. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

41. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

42. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

43. Defendants willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits under the FLSA, because they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, rendering the tip credit invalid in respect of all tipped employees.

44. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective

Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

49. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiffs reallege and reaver Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

51. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

52. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

53. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

54. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked. Defendants, however, were not entitled to take any tip credits under the NYLL, because (i) the amount of tip credit allowance they took exceeded the tip credit allowance that could be claimed under the NYLL, (ii) they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (iii) they failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, and (iv) they caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL.

55. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

56. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated

15

damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

    d.    An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

    e.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

    f.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage pursuant to the New York Labor Law;

g.  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h.  Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

i.  Designation of this action as a class action pursuant to F.R.C.P. 23;

j.  Designation of Plaintiffs as Representatives of Class; and

k.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: November 7, 2012

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
Shin Young Hahn (SH 1115)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: _____
C.K. Lee