UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

ATTORNEYS OF RECORD:
    RICHARD I. GREENBERG, ESQ.
    NOEL P. TRIPP, ESQ.
    DANIEL J. JACOBS, ESQ.

------------------------------------------------------------------x

ANTHONY CAMILO, and LUIS SANCHEZ, on behalf of themselves, FLSA collective Plaintiffs and the Class,

                        Plaintiffs,

         -against-

SERVICES MANGIA, INC., MANGIA 23RD STREET LLC, MANGIA 57, INC., SASHA MUNIAK, and JOANNA [Last Name Unknown],

                        Defendants.

------------------------------------------------------------------x

Civil Case No.:  12 CV 8097

Furman, J.

## DEFENDANT MANGIA 57, INC.'S ANSWER TO PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT

       Defendant, MANGIA 57, INC., by and through its undersigned attorneys, in response to the allegations in Plaintiffs' Class and Collective Action Complaint, states as follows:

## AS TO "INTRODUCTION"

1. Defendant admits that Plaintiffs purport to proceed as set forth in Paragraph 1, but denies that Plaintiffs are entitled to any relief whatsoever in behalf of themselves or any other individual.

2. Defendant admits that Plaintiffs purport to proceed as set forth in Paragraph 2, but denies that Plaintiffs are entitled to any relief whatsoever in behalf of themselves or any other individual.

## AS TO "JURISDICTION AND VENUE"

3. Defendant admits that this Court has jurisdiction pursuant to the cited provisions generally, but denies that supplemental jurisdiction is appropriate in this case.

4. To the extent jurisdiction properly is exercised, Defendant admits venue is appropriate in this District.

## AS TO "PARTIES"

5. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiffs' Complaint, except admits that it is a New York State Corporation.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Paragraph 10 sets forth a legal conclusion to which no response is required. To the extent Paragraph 10 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint, except denies knowledge or information as to Services Mangia and Mangia 23rd Street.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits that Plaintiffs purport to proceed as set forth in Paragraph 12, but denies that Plaintiffs are entitled to any relief whatsoever in behalf of themselves or any other individual.

13. Paragraph 13 sets forth a legal conclusion to which no response is required. To the extent Paragraph 13 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Paragraph 14 sets forth a legal conclusion to which no response is required. To the extent Paragraph 14 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendant admits that Plaintiffs purport to proceed as set forth in Paragraph 15, but denies that Plaintiffs are entitled to any relief whatsoever in behalf of themselves or any other individual.

16. Paragraph 16 sets forth a legal conclusion to which no response is required. To the extent Paragraph 16 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Paragraph 17 sets forth a legal conclusion to which no response is required. To the extent Paragraph 17 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Paragraph 18 sets forth a legal conclusion to which no response is required. To the extent Paragraph 18 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Paragraph 19 sets forth a legal conclusion to which no response is required. To the extent Paragraph 19 contains factual allegations to which a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Paragraph 20 sets forth a legal conclusion to which no response is required. To the extent Paragraph 20 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the allegations contained in Paragraph 21, except denies knowledge or information sufficient to form a belief as to the conduct of other employers and what current and former employees of Defendant (if any) or of other employers feel.

22. Paragraph 22 sets forth a legal conclusion to which no response is required. To the extent Paragraph 22 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint, including sub-paragraphs a) through k).

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Paragraph 33 sets forth a legal conclusion to which no response is required. To the extent Paragraph 33 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Paragraph 34 sets forth a legal conclusion to which no response is required. To the extent Paragraph 34 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

## AS TO "STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT"

36. Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 35 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

37. Paragraph 37 sets forth a legal conclusion to which no response is required. To the extent Paragraph 37 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. Paragraph 38 sets forth a legal conclusion to which no response is required. To the extent Paragraph 38 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Paragraph 39 sets forth a legal conclusion. To the extent Paragraph 39 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint as to itself, and knowledge or information sufficient to form a belief as to Services Mangia and Mangia 23rd's gross annual revenues.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Paragraph 43 sets forth a legal conclusion to which no response is required. To the extent Paragraph 43 contains factual allegations to which a response is required, Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint, but Mangia 57 avers that it maintains all appropriate records. Defendant denies knowledge or information sufficient to form a belief as to what Plaintiffs intend to do.

45. Paragraph 45 sets forth a legal conclusion to which no response is required. To the extent Paragraph 45 contains factual allegations to which a response is required, Defendant denies the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Paragraph 47 sets forth a legal conclusion to which no response is required. To the extent Paragraph 47 contains factual allegations to which a response is required, Defendant denies the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48. Paragraph 48 sets forth a legal conclusion to which no response is required. To the extent Paragraph 48 contains factual allegations to which a response is required, Defendant denies the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49. Paragraph 49 sets forth a legal conclusion to which no response is required. To the extent Paragraph 49 contains factual allegations to which a response is required, Defendant denies the allegations contained in paragraph 49 of Plaintiffs' Complaint.

## AS TO "COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW"

50. Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 49 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

51. Paragraph 51 sets forth a legal conclusion to which no response is required. To the extent Paragraph 51 contains factual allegations to which a response is required, Defendant denies the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52. Paragraph 52 sets forth a legal conclusion to which no response is required. To the extent Paragraph 52 contains factual allegations to which a response is required, Defendant denies the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54. Paragraph 54 sets forth a legal conclusion to which no response is required. To the extent Paragraph 54 contains factual allegations to which a response is required, Defendant denies the allegations contained in paragraph 54 of Plaintiffs' Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56. Paragraph 56 sets forth a legal conclusion to which no response is required. To the extent Paragraph 56 contains factual allegations to which a response is required, Defendant denies the allegations contained in paragraph 56 of Plaintiffs' Complaint.

### AS TO "PRAYER FOR RELIEF" CLAUSE

Defendant denies the allegations contained therein, including any demands for relief set forth in Plaintiffs' "WHEREFORE" clause, including specifically sub-paragraphs a. through k.

### AS TO "JURY DEMAND"

Defendant admits that Plaintiffs purport to demand a trial by jury, but denies that Plaintiffs are entitled to a jury trial as to any or all claims.

### ADDITIONAL AVERMENTS

Defendant denies all claims and allegations not unequivocally admitted herein.

### STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

### AS AND FOR A FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons they purport to represent.

### AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A THIRD DEFENSE

This case may not be maintained as a collective action because Plaintiffs are not similarly-situated to other individuals they purport to represent.

### AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the <u>de minimis</u> doctrine. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A SIXTH DEFENSE

Plaintiffs lack standing to be and are not adequate representatives of the putative collective action and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

### AS AND FOR A SEVENTH DEFENSE

The Complaint is barred, in whole or in part, pursuant, <u>inter alia</u>, to the Portal-to-Portal Act and the FLSA. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR AN EIGHTH DEFENSE

This case is not appropriate for collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported collective action members.

### AS AND FOR A NINTH DEFENSE

Plaintiffs cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

## AS AND FOR A TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands based upon Plaintiffs' violations of Defendant's timekeeping and recordkeeping policies, including falsification of time records. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs' claims for damages are barred or limited by Defendant's good faith efforts to comply with applicable law. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A TWELFTH DEFENSE

Payments to Plaintiffs were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A FOURTEENTH DEFENSE

To the extent any Plaintiffs or any members of the putative classes have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or

agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs cannot establish a willful violation under the FLSA or the New York Labor Law.

### AS AND FOR A SIXTEENTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

### AS AND FOR A SEVENTEENTH DEFENSE

Plaintiffs are unable to meet the criteria necessary to maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### AS AND FOR AN EIGHTEENTH DEFENSE

All claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 3, 7 and/or 13 of the FLSA, 29 U.S.C. § 203, 29 U.S.C. § 207 and 29 U.S.C. § 213 of the FLSA, including, but not limited to, the tip credit provision set forth in the FLSA and/or New York Labor Law. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

### AS AND FOR A NINETEENTH DEFENSE

The Complaint should be dismissed as to Defendant because it was not the "employer" of Plaintiffs or other allegedly similarly situated person under the FLSA, New York Labor Law, or other law.

## AS AND FOR A TWENTIETH DEFENSE

In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendant requests that the Court:

a) dismiss with prejudice Plaintiffs' Complaint;

b) deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

c) award to Defendant reimbursement for its costs, including attorneys' fees; and, grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 11, 2013

> Respectfully submitted,
>
> JACKSON LEWIS LLP
> *ATTORNEYS FOR DEFENDANTS*
> 666 Third Avenue, 29th Floor
> New York, New York 10017
> (212) 545-4000
>
> By: s/ Richard I. Greenberg
> RICHARD I. GREENBERG, ESQ.
> NOEL P. TRIPP, ESQ.
> DANIEL J. JACOBS, ESQ.

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of February, 2013 Defendant MANGIA 57 INC.'s Answer to Plaintiffs' Class and Collective Action Complaint was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

C.K. LEE, ESQ.
ANNE SEELIG, ESQ.
SHIN YOUNG HAHN, ESQ.
LEE LITIGATION GROUP, PLLC
*ATTORNEYS FOR PLAINTIFFS, FLSA COLLECTIVE PLAINTIFFS AND THE CLASS*
30 East 39th Street, Second Floor
New York, New York 10016

                                                s/ Richard I. Greenberg
                                                  Richard I. Greenberg